## WILLIAMS v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9735. Decided Jan 14, 1929

Richard T Mills, Cleveland, for Williams.

E. C. Stanton and M A Picciano, Cleveland, for State.

**SULLIVAN, PJ**

The errors assigned are that the conviction is unwarranted in law because under the indictment and the evidence in the case, the accusation complained of was oral instead of in writing, and that the court erred in the admission of testimony as to what purports to be conversation and conduct between the defendant and the prosecuting witness on days other than the date named in the indictment. It is argued that to support the first contention that the accusation must be in writing. Authority is found in the **36 O. S. 324,** in the case of **Elliott vs State,** wherein the following excerpt therefrom is cited to support the contention that the accusation must be in writing:

"If this was a charge of 'threatening to accuse' the words of the statute would seem to require that it should be in writing; but where the accusation is directly made with the unlawful intent, whether verbal or in writing, the crime is complete."

We note from the language above quoted, the subjunctive clause which reads "but where the accusation is directly made with the unlawful intent, whether verbal or in writing, the crime is complete."

It is our unanimous opinion that under the record in the case this clause applies to the case at bar, and that the indictment and conviction is not invalid because of the absence of a written instrument.

Again, from a reading of the statute we feel justifed in our views, because in **Sec. 13384 G. C.,** the following language is unmistakable:

"Whoever, with menaces * * orally * * demands of another chattel, money or valuable security * * accusing or threatening to accuse another of a crime punishable by law, or of immoral conduct * * with intent to extort or gain from him * * money"

shall be sentenced as provided by the statute. Therefore, in this respect our judgment is that there is no error as to the first assignment of error.

Approaching the second assignment of error, that the court erred in admitting testimony concerning the conduct between the prosecuting witness and the defendant on other dates than that mentioned in the indictment, we have this to say, it is a well settled proposition that in cases where the question of scienter is to be determined, that proof of offenses of a similar nature, occuring at or about the same time as the main act, is competent for the purpose of showing guilty knowledge. Counterfeit cases and those involving the obtaining of money under false pretenses and other crimes of a similar nature, are susceptible of proof of this character.

We do not, from the record in this case, believe that the question of scienter is involved, but this does not dispose of the right of the State in a criminal case, to show to a reasonable degree, within the discretion of the court, the relationship between the parties relating to the alleged offense.

This class of testimony is entirely different than testimony relating to guilty knowledge, and from a reading of the record it is our judgment that the testimony concerning the defendant and the prosecuting witness bears only upon the question of their relationship, and the fact that the conduct and conversation are between the same parties distinguishes the case at bar from that class of cases where similar offenses are barred where they not only have reference to different dates than that which is named in the indictment, but also to transactions involving different persons.

In the instant case, there is no relation borne out by the testimony that applies to any persons excepting the same parties, to-wit, the prosecuting witness and the defendant. Therefore upon the proposition that the evidence was competent to show the relationship between the parties it is our opinion that the court committed no error in permitting the testimony to go before the jury, especially as the court instructed the jury the purpose of the admission of this character of evidence, as distinguished from evidence whose province is to determine the main issue. Smith vs State, 31 O. C. A. 401, and many similar authorities establish the proposition that similar acts may be proven to show scienter, but in the instant case; the prime province and purpose of the testimony as to other acts and conversations between the same parties bears upon the relationship between the parties themselves, prior to the commission of the alleged offense and this class and character of testimony is always competent in a criminal case, providing the court is not guilty of an abuse of sound discretion in the exercise of his power.

Holding these views, the judgment of the lower court is hereby affirmed.

Vickery and Levine, JJ, concur.